UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Verit Muy and Mr. Tea, Ltd, | Case No. 25-cv-499 (JMB/DJF) |
| Plaintiffs, | |
| v. | **ORDER** |
| Michelle Moore; Michelle Moore, LLC; Bober Tea Franchises PTE, LTD, | |
| Defendants. | |

---

This matter is before the Court on Plaintiffs Verit Muy and Mr. Tea, LTD's *Notice and Request for Service of Summons and Complaint by U.S. Marshall* ("Request") (ECF No. 11). Plaintiffs state that their process server has failed to effect personal service on Defendants Michelle Moore, LLC and Bober Tea Franchises PTE, LTD because Defendant Michelle Moore (who Plaintiffs believe is the registered agent for the other Defendants) is intentionally evading service. (*See id.* at 2.) Plaintiffs ask the Court to order the U.S. Marshal or another Court-appointed individual to serve process on all Defendants pursuant to Rules 4(c)(3) and 4(e)(1) of the Federal Rules of Civil Procedure.[1] (*See id.* at 1-2.) Alternatively, Plaintiffs ask the Court to "authorize" a Missouri sheriff or another Court-appointed individual to serve process pursuant to Rule 4(e)(1). (*See id.* at 3.) For the reasons stated below, the Court denies Plaintiffs' Request.

Plaintiffs have failed to show good cause for service by the U.S. Marshal under either Rule 4(c)(3) or 4(e)(1). Rule 4(c)(3) states, "At the plaintiff's request, the court may order that service be

---

[1] Plaintiffs' process server believes she successfully served Defendant Michelle Moore, but it appears she served the wrong Summons. (*See* ECF No. 10.) "To ensure clarity and avoid any further service complications," Plaintiffs request that the Court order service on all Defendants. (ECF No. 11 at 2 n.1.)

made by a United States marshal or deputy marshal or by a person specially appointed by the court." This District's Local Rule 4.1 supplements Rule 4(c)(3) by clarifying that, "The United States Marshals Service is not required to serve civil process for litigants, except as required by the Federal Rules of Civil Procedure or by federal law, or as ordered by the court for good cause." Plaintiffs appear to base their request on the premise that Defendants' evasion of service constitutes good cause. (ECF No. 11 at 3.) But evasion of service does not satisfy the good cause requirement under either Rule 4(c)(3) or Local Rule 4.1. As the legislative history and advisory committee notes make clear, Rule 4(c)(3) is intended to be an option of last resort when a "law enforcement presence appears to be necessary or advisable to keep the peace." Fed. R. Civ. P. 4(c), advisory committee note to 1993 amendments; 128 Cong. Rec. 30,932 n.15, 30,936 (1982). Unsurprisingly, the advisory committee notes to Local Rule 4.1 mirror this expectation: "An example of a situation in which a litigant could reasonably seek special appointment of a Deputy Marshal to make service is one in which an enforcement presence is required." LR 4.1, advisory committee note to 1996 amendments. Nothing in Plaintiffs' Request suggests that a law enforcement presence is required. Defendant Moore does not appear to have engaged in any threatening behavior such that a U.S. Marshal would be required to keep the peace.[2]

Rule 4(e)(1) is unavailing for the same reason. This rule allows service of an individual pursuant to "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Defendant Michelle Moore resides in Missouri. (*See* ECF No. 11 at 2.) Missouri law permits service of process to be made by

---

[2] Plaintiffs might be able to resolve their problem by seeking a waiver of service. *See* Fed. R. Civ. P. 4(d); *Lopez-Martinez v. Midwest Resale Specialist Inc.*, No. 23-CV-98 (JRT/TNL), 2023 WL 1280191, at *1 (D. Minn. Jan. 31, 2023). Plaintiffs have not established that they made any attempt to obtain a waiver of service from Defendants.

an individual appointed by the Court, but such appointment must follow "procedures established by local court rules for service of process in any cause." *See* Mo. Rev. Stat. § 506.140(1). Plaintiffs argue the Court may appoint the U.S. Marshal to serve process on Defendants pursuant to Rule 4(e)(1) and Missouri law. (*See* ECF No. 11 at 3.) But Plaintiffs overlook the Missouri rule's caveat that such an appointment must follow the local rules of this Court. As previously stated, Plaintiffs have failed to present good cause under Local Rule 4.1 or Rule 4(c)(3) for such an order.

Plaintiffs also ask the Court to "authorize" service by a Missouri sheriff pursuant to Rule 4(e)(1). (*See id.*) But Rule 4(e) is not an authorization procedure; rather, it merely lists the service options available to litigants. And since Plaintiffs have not actually served process via a Missouri sheriff, the Court will not issue a decision as to whether such service would satisfy Rule 4 because to do so would require the Court to rule on a hypothetical. Such a ruling would constitute an advisory opinion, which this Court cannot issue. *See KCCP Trust v. City of North Kansas City*, 432 F.3d 897, 899 (8th Cir. 2005) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)).

Finally, Plaintiffs ask the Court to authorize service by an unidentified "individual appointed by the Court." (*See* ECF No. 11 at 3.) Plaintiffs offer no suggestion as to who that unidentified individual might be. Moreover, Local Rule 4.1 requires a showing of good cause for such an appointment. Plaintiffs believe good cause exists because their process server has been thwarted four times in a month. (*See* ECF Nos. 11, 12, 13.) Plaintiffs' process server made each service attempt at Defendant Moore's home. (*Id.*) Although this approach may sometimes be effective, it is clearly not working. Plaintiffs and their process server have not attempted any alternative strategies, *see, e.g.*, *Grace v. MacArthur*, 170 F. Supp. 442, 447 (E.D. Ark. 1959) (holding service was effective when U.S. Marshal served defendant while passing through the jurisdiction's airspace on a non-stop commercial flight), and their lack of imagination does not provide good cause for the Court

to order a third party to serve process.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings here, **IT IS HEREBY ORDERED** that Plaintiffs' *Notice and Request for Service of Summons and Complaint by U.S. Marshall* (ECF No. 11) is **DENIED**.

Dated:  March 24, 2025                *s/ Dulce J. Foster*
                                                                    DULCE J. FOSTER
                                                                     United States Magistrate Judge